■ HOUSHANG SHAIRI et al., Appellants, v ALEXANDER MURATORI, Doing Business as LIDO MOTEL, Respondent.—Order, Supreme Court, New York County, entered December 16, 1977, granting defendant's motion to take the deposition of Alexander Muratori, unanimously reversed, on the facts and in the exercise of discretion, and the motion denied, without costs or disbursements. Issue was joined in this personal injury action on July 23, 1976 and a statement of readiness dated February 14, 1977 had been served. Pretrial conferences were held in September and October, 1977 and, ultimately, a trial date of November 18, 1977 was set. It was on November 18, the date set for trial and nine months after the statement of readiness was filed, that counsel for the defendant made an oral application for leave to take the deposition of the individual Alexander Muratori, and counsel was directed to make the application in writing. The motion, returnable December 9, 1977, alleged that the individual defendant was physically incapacitated, resided in Lake George, New York, and could not attend a deposition or trial in New York City. No medical affidavit was annexed to the application, and no unusual or unanticipated circumstances demonstrating the need for this belated deposition were alleged. Special Term nonetheless granted the motion. We would reverse. The poor physical condition of Muratori was concededly known to defendant for at least five years. Nonetheless, when the statement of readiness was filed, no motion was made to strike the action from the calendar for failure to complete depositions (22 NYCRR 660.4 [d] [3]), nor has the movant shown in his present papers that unusual or unanticipated conditions developed mandating the taking of a deposition (22 NYCRR 660.4 [d] [7] [i]). Since the defendant's application did not demonstrate exigent circumstances in conformity with the court rules and, furthermore, since the trial of the action was imminent, it was an improvident exercise of discretion to grant the relief requested. Concur—Evans, J. P., Lane, Markewich and Sandler, JJ.